65  253
e67  69

JOHN M. WOOLSEY DEFENDANT IN ERROR, v. LEON ABBETT, PLAINTIFF IN ERROR.

Submitted July 9, 1900—Decided November 19, 1900.

1. By the terms of a lease the lessee was to pay for the use of the premises, "the sum of $5,000 per year, and also all the annual taxes and charges· for water" that might become a lien thereon during the existence of the lease. *Held*, that an assignment of the rent passed to the assignee, not only so much of the $5,000 as remained unpaid, but also the right to collect from the lessee such unpaid taxes and water rents as had become a lien upon the leased premises.
2. By the admission of "due service" of a notice, service made in proper time and in proper manner is acknowledged.

On error to the Supreme Court.

For the plaintiff in error, *John P. Duffy.*

For the defendant in error, *George W. Betts.*

The opinion of the court was delivered by

GUMMERE, J. On March 30th, 1894, the executors of the estate of Charles W. Smith, deceased, executed a lease for certain premises in the city of New York to one Kenny, for a period of twenty years and eleven months. On June 1st, 1896, this lease was assigned by Kenny to Abbett, the plaintiff in error, with the consent of the lessors. On July 22d, 1899, the lessors assigned to Woolsey, the defendant in error, all their claim against Abbett on account of the rent of the premises remaining due and unpaid up to and on June 1st, 1899. Woolsey subsequently brought suit against Abbett for the unpaid rent, and, at the trial, a verdict in his favor was directed for the sum of $7,079.14.

The facts in the case are practically undisputed; and it is not denied by the plaintiff in error that it was proper for the trial court to control the jury in their verdict. His complaint is that the amount for which the verdict was directed was ex-

cessive. He does not dispute that the amount for which the verdict was directed was due, by the terms of the lease, but contends that the proofs showed that only a portion of that sum was due *from him;* and further, that only a portion of it was due *to the defendant in error.*

His contention that only a part of the amount for which the verdict was directed was due *from him,* rests upon an alleged assignment of the lease made by him to one Maxwell on May 31st, 1899. The sole proof offered for the purpose of showing the existence of such assignment was a letter, written on the day last mentioned, by Maxwell to the lessors (and received by them), in which he stated that Abbett had that day assigned the lease to him. The trial judge rightly held that this letter did not prove the assignment.

The contention of the plaintiff in error that only a part of the sum for which the verdict was directed was due *to the defendant in error* is based upon the form of the assignment of rents, made by the executors of Smith, the lessors, to the defendant in error, on July 22d, 1899. What passed by that instrument was the "rent due up to and on June 1st, 1899." The amount for which the verdict was directed included unpaid taxes and water charges approximating $5,000 which had become a lien upon the leased premises; and these, it is said by the plaintiff in error, did not pass under the assignment of the "rent due," but remained an indebtedness due from the plaintiff in error to the lessors. There is no merit in this contention. By the terms of the lease the rent reserved was "the sum of $5,000 per year, and also 8% upon the gross amount that shall be expended for alterations and additions to said property hereinafter agreed to be made, and also all the annual taxes, and all charges for Croton water, that may become a lien upon said premises during the term." The unpaid annual taxes and water charges, which had become a lien upon said premises, being reserved as rent, passed to the defendant in error, under the assignment, equally with such portion of the $5,000 as had become due under the lease and remained unpaid.

The plaintiff in error further contends that there was no

legal proof of the amount of unpaid taxes and water charges, which had become a lien upon the leased premises, at the time of the assignment to the defendant in error. The testimony upon this branch of the case was taken in the city of New York, upon notice, before George R. Dutton, a master in chancery of New Jersey, and objection was made to its admission at the trial, on the ground that notice under which it was taken was not served ten days beforehand, in accordance with the requirement of the statute. There was endorsed upon the notice an admission of service, in the following words: "Due service of a copy of the within notice admitted. [Signed] John P. Duffy, attorney for defendant;" and, when this was made to appear, the trial court received the depositions. This was clearly right. "Due service" means service made in proper time and in proper manner; and the defendant, having formally admitted such service, was bound by his acknowledgment, unless obtained through fraud or made by mistake. There is nothing to justify the conclusion that this admission was so obtained.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 13.

*For reversal*—None.